Sweeney, Appellant, *v.* Tate.

Argued October 12, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward R. Becker,* with him *L. Carter Anderson, Peter O. Clauss, Ellis A. Horwitz* and *William A. Meehan,* for appellants.

*Edward G. Bauer, Jr.,* City Solicitor, with him *Gerald Gornish,* Assistant City Solicitor, *Joseph J. Carlin,* Deputy City Solicitor, *Matthew W. Bullock, Jr.,* Second Deputy City Solicitor, and *Levy Anderson,* First Deputy City Solicitor, for appellees.

*Tyson W. Coughlin* and *Edward E. Russell,* for amicus curiae.

OPINION BY MR. JUSTICE COHEN, January 17, 1966:

This action in equity seeks to prevent officials of the City of Philadelphia from making effective the provisions of an ordinance which abolished the Registration Commission and transferred its function to the City Commissioners.

The lower court dismissed the complaint after it sustained the demurrer and in effect held that the ordinance adopted by the City Council of Philadelphia pursuant to the Act of August 13, 1963, P. L. 795, 53 P.S. §13132(c), (d), and approved at a special election by a majority of the electorate voting on the ballot question submitted thereto was valid.

The ordinance effects an overall orderly plan of reorganization and consolidation by abolishing the Registration Commission in a manner consistent with the purpose of City-County consolidation as set forth by the provisions of the Constitution of the Commonwealth. It established within the City of Philadelphia a system similar to other political subdivisions of the State where county commissioners have been both performing registration and election functions without any apparent disintegration of the electoral process.

It is clear that City Council acted within its legislative powers in adopting the ordinance and submitting it to the electorate for approval. The ordinance complies with all the constitutional and statutory requirements. Accordingly, the court below correctly concluded that the complaint failed to set forth a cause of action.

Decree affirmed at appellants' cost.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent on the ground that Question Number One as presented to the voters contained multiple proposi-

tions incapable of a single yes or no answer. The question, as printed on the ballot, read as follows:

"Do you approve abolishing the Registration Commission and transferring its functions to the City Commissioners; transferring the functions of the City Commissioners concerning weights and measures to the Department of Licenses and Inspection, concerning payments for prisoner's care to the Department of Public Welfare, and concerning all other disbursements including, but not limited to, payments of jury fees, and burial of deceased veterans and their widows to the Department of Finance?"

Thus, the ballot question, *although seeking a single yes or no answer, contained five distinct proposals.* As framed, the question required the voters to treat matters involving not only the abolishment of the Registration Commission, but also the transfer of its functions to another governmental agency and the further transfer of certain of the functions of that agency to other city departments. Such a submission deprived the voters of an adequate opportunity to express their views on each separate proposition.

Framed in such a misleading and confusing fashion, the ballot question did not conform to the requirements of the First Class City Home Rule Act, Act of April 21, 1949, P. L. 665, §9, as amended, 53 P.S. §13109, which explicitly mandates that *"all amendments to the [Philadelphia Home Rule Charter] . . . shall be separately submitted."* (Emphasis supplied.)* That Act

---

* The issue of whether the proposal as submitted constituted an amendment to the Philadelphia Home Rule Charter need not be reached, since by the 1963 amendment to the First Class City Home Rule Act, Act of August 26, 1953, P. L. 1476, §2, as amended, 53 P.S. §13132, any legislation of the City Council abolishing the Registration Commission, or respecting the powers, functions, or duties of the City Commissioners ". . . shall not be effective until approved by the electorate of the City of Philadelphia *in the same manner as amendments to the Home Rule Charter . . . ."* (Emphasis supplied.)

48

was intended to secure the voters a realistic choice by requiring that such questions be presented with a degree of specificity and clarity not here present.

I must therefore dissent.

Mr. Chief Justice BELL joins in this dissenting opinion.